FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2022 OCT 19 PM 12: 38

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BOWMAR BOWHUNTING, LLC,<br><br>Defendant. | 8:20CR178<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, Acting United States Attorney, and Donald J. Kleine, Assistant United States Attorney, and defendant, BOWMAR BOWHUNTING, LLC, and Kline Preston, counsel for defendant, as follows:

# I

## THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Information. Count I charges misdemeanor a violation of Title 18, United States Code, Section 371.

Defendant further agrees, in satisfaction of the Forfeiture Allegation, to the entry of a money judgment against him in the amount of $44,000, and agrees that such sum is proceeds from the conspiracy to possess, transport, or sell fish or wildlife alleged in Count I of the Information. Thus, said amount is forfeitable to the United States pursuant to the provisions of 16 U.S.C. § 3374 and 28 U.S.C. § 2461, and the procedures outlined in Fed. R. Crim. P. 32.2. The defendant agrees to pay a forfeiture money judgment in the amount of $44,000 (the "Forfeiture Money Judgment").

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

 1. The United States will move to dismiss Count(s) II-V of the Information at the time of sentencing.

1

2. The United States will return to Defendant the Solid-colored subdued gray or tan Hoyt Carbon Defiant compound bow with blue limb-savers and blue-tipped stabilizer.

3. The United States will return to Defendant the following wildlife:

   a. Mule deer shoulder mount - believed to be JOSH BOWMAR 2015 deer;

   b. Set of mule deer antlers in velvet - believed to be SARAH BOWMAR 2016 deer;

   c. Set of mule deer antlers with drop point from antler base - believed to be JOSH BOWMAR 2016 deer.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. That two or more persons reached an agreement or came to an understanding to knowingly attempt to transport and acquire wildlife, or parts thereof, in interstate commerce, when in the exercise of due care, the defendant should have known that said wildlife was attempted to be taken, possessed, and transported in violation of and in a manner unlawful under the regulations of Nebraska;

2. That defendant was a party to or member of that agreement or understanding;

3. That defendant knew the purposes of the agreement or understanding; and

4. That while the agreement or understanding was in effect, at least one of its members performed an overt act in order to further the objective of the agreement.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. That during the course of the conspiracy, JOSH BOWMAR, and his spouse, SARAH BOWMAR, resided in Westerville, Ohio.

2. That on or before September 10, 2015, and continuing through at least November 6, 2017, Defendants JOSH BOWMAR and SARAH BOWMAR operated a

2

hunting and outdoor video production company known as BOWMAR BOWHUNTING (BBH) and conducted primarily video-recorded archery hunts for white-tailed deer, mule deer, wild turkey, and other wildlife species in multiple states and countries.

3. That on or about October 17, 2016, BBH was formally organized as a domestic for-profit limited liability company with the Ohio Secretary of State under the name BOWMAR BOWHUNTING, LLC, and that JOSH BOWMAR and SARAH BOWMAR were members and co-owners, each holding 50 percent interest in the company. (JOSH BOWMAR, SARAH BOWMAR, and BOWMAR BOWHUNTING a.k.a BOWMAR BOWHUNTING, LLC are collectively referred to as "Defendants.")

4. That from on or before September 10, 2015, and continuing through at least November 6, 2017, BBH initiated an ongoing business relationship with J.H. and HIDDEN HILLS OUTFITTERS (HHO), a big game guiding and outfitting business located near Broken Bow, Nebraska.

5. At various times from at least on or about September 10, 2015, and continuing through at least November 6, 2017, in the District of Nebraska and elsewhere, Defendants, JOSH BOWMAR, SARAH BOWMAR, and BOWMAR BOWHUNTING a.k.a BOWMAR BOWHUNTING, LLC, agreed together and with each other to knowingly attempt to transport wildlife, or parts thereof, in interstate commerce, when in the exercise of due care, the defendant should have known that said wildlife was attempted to be taken, possessed, and transported in violation of and in a manner unlawful under the regulations of Nebraska.

6. Defendants conducted approximately three (3) to five (5) hunts per year at HHO. At various times from at least on or about September 10, 2015, through at least November 6, 2017, Defendants agreed to purchase hunting and guiding services from HHO for the purposes of taking, possessing, and acquiring wildlife, some of which was attempted to be taken in violation of the laws and regulations of the State of Nebraska. Wildlife taken, possessed, and acquired in the State of Nebraska was transported in interstate commerce from the State of Nebraska into Ohio.

7. That during the course of the conspiracy, Defendants recorded, produced, and published photographs, videos, and other media content related to HHO hunts, including hunts conducted at HHO, upon various internet or social media platforms including but not limited to: www.instagram.com/bowmarbowhunting the BBH Instagram site, www.youtube.com/channel/UCTMIVn7v9e2r0tOr2cI2v5w the BBH YouTube channel, and www.bowmarbowhunting.com the BBH internet webpage.

8. Defendant acknowledges that the sum of $44,000 was the value of property used to facilitate the conspiracy alleged in Count I of the Information.

## III

## PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 5 years' Probation;
2. A maximum $200,000 fine;
3. A mandatory special assessment of $125 per count; and

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

4

1. **Base Offense Level** - The parties agree that the defendant's base offense level under U.S.S.G. § 2Q2.1 is 6.
2. **Acceptance of Responsibility** – If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree to the following:

1. Defendant shall not hunt or otherwise engage in any activities associated with the hunting, limited to within the District of Nebraska, as a special condition for the entire term of his probation or term of supervised release, whichever is applicable; and
2. Defendant agrees to a $25,000 fine with payments directed to Lacey Act Reward Account to be paid at the time of sentencing.
3. Defendant agrees that any restitution ordered by the Court shall be paid to the Nebraska Game and Parks Commission Game Law Investigative Fund.

B. ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

C. ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D. CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F. ABANDONMENT.

The parties also agree that defendant will abandon the following wildlife currently in possession of law enforcement:

1. One (1) set of 5 X 5 deer antlers originating from a white-tailed deer taken by Josh BOWMAR on or about December 29, 2016;
2. One (1) set of 5 X 5 deer antlers in partial velvet with attached skull cap and associated cape or hide originating from a mule deer taken by Josh BOWMAR on or about September 21, 2017;
3. One (1) set of 4 X 4 deer antlers in velvet and associated cape or hide originating from a white-tailed deer taken by Sarah BOWMAR on or about September 6, 2017.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. ' 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and
(b) A claim of ineffective assistance of counsel.

(c) A right to file a motion under Section 3582(c)(1)(A);

1. the general right to file a compassionate release motion;

2. the right to file a second or successive such motion; or

3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. ' 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

7

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $25 for each misdemeanor count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

8

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
Acting United States Attorney

10-19-2022
Date

DONALD J. KLEINE
ASSISTANT U.S. ATTORNEY

10-12-22
Date

BOWMAR BOWHUNTING LLC
DEFENDANT

10-13-22
Date

KLINE PRESTON
COUNSEL FOR DEFENDANT

9